**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-2250

UNITED STATES OF AMERICA

v.

JEAN DEMOSTHENE,
                                    Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:10-cr-00526-RMB)
District Judge: Hon. Renee Marie Bumb

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2014

BEFORE: McKEE, *Chief Judge*, and AMBRO and JORDAN, *Circuit Judges*

(Opinion Filed:  May 15, 2014)

OPINION

McKEE, *Chief Judge*,

Jean Demosthene appeals the District Court's judgment of sentence for violation of supervised release.[1] He argues that the District Court's sentence was substantively unreasonable. And, he also argues that his sentence was procedurally defective because the court failed to properly consider the collateral consequences of deportation. For the reasons that follow, we will affirm the District Court's decision.[2]

I.

We will first address Demosthene's claim that the District Court abused its discretion because it failed to discuss, or even rule on, his request for a lower sentence based on his immigration status. As the Government notes, that argument was only briefly made at sentencing and not developed. *See* Appellee's Br. at 12. The sentencing record reflects that Demosthene only argued that he would not be eligible for a halfway house or get credit for a drug abuse program.

A District Court "'need not discuss every argument made by a litigant if an argument is clearly without merit.'" *United States v. Begin*, 696 F.3d 405, 412 (3d Cir. 2012) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated by Rita v. United States*, 551 U.S. 338 (2007)). Thus, before we can reach a decision as to

---

[1] The District Court had jurisdiction by virtue of 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011)

[2] Although we typically conduct a three-step analysis in evaluating a District Court's sentence, *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), Demosthene does not dispute that the District Court correctly calculated the applicable advisory guidelines range. Thus, our review is limited to the final two steps. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011).

the procedural correctness of the District Court's decision, we will determine if Demosthene's claim that the court improperly ignored the collateral consequences of his sentence has colorable legal merit.

Demosthene claims that the court did not consider that his immigration status made him ineligible for "certain programs in the Bureau of Prisons" as well as "early release to a halfway house or other community corrections facility." Opening Brief at 14. However, these programs are designed for the re-integration of prisoners into society—a factor that is less applicable to those facing deportation. *United States v. Meza-Urtado*, 351 F.3d 301, 305 (7th Cir. 2003).

Demosthene also claims that his sentence was substantively unreasonable. As a general matter, our review of sentences "is, to a great degree, deferential, because we recognize that the trial court is in the best position to determine the appropriate sentence." *United States v. Greenidge,* 495 F.3d 85, 102 (3d Cir. 2007). While we do not afford a within-guideline sentence a presumption of reasonableness, *Cooper*, 437 F.3d at 332, a defendant like Demosthene must show on appeal that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the District Court provided." *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010).

The record reflects that the District Court considered a variety of factors in coming to its substantive decision of a within-guidelines sentence. Specifically, it noted: (1) Demosthene had not learned a lesson after seventy months in prison; (2) he was trying to

make money illegally[3]; (3) he went to Miami to make a drug deal and knew full well what he was doing; (4) he lacked remorse; (5) the similarity between the previous and current narcotics convictions was disturbing and warranted a consecutive sentence; (6) a Guidelines sentence would promote respect for the law; (7) a Guidelines sentences would effectuate the goal of deterrence; and (8) a Guidelines range would protect the public from further crimes by Demosthene. The court's consideration of factors required by 18 U.S.C. § 3553(a) was perfectly appropriate, supported by the record, and reflect no abuse of discretion in arriving at this sentence.

The District Court's decision to impose a *consecutive* as opposed to a concurrent sentence is also supported by this record, and was eminently reasonable for all of the reasons the court explained. *See* U.S.S.G. § 7B1.3(f).

## II.

For the foregoing reasons, the decision of the District Court will be affirmed.

---

[3] We will ignore this factor since all illegal drug sales, like nearly every other crime, involve someone who is trying to make money illegally. Thus, relying on this as a sentencing factor is merely restating that the defendant is guilty of the crime he plead guilty to.